UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ROGER TEJON, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>EPIQ SYSTEMS, INC., ANGEION GROUP LLC, JND LEGAL ADMINISTRATION, HUNTINGTON NATIONAL BANK, WESTERN ALLIANCE BANK, and DOES 1-20,<br>    *Defendants.* | Case No.: 1:25-cv-22453 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Plaintiff Roger Tejon, individually and as a representative of a class of similarly situated persons ("Plaintiff"), through undersigned counsel, hereby requests that the Court deny Defendants' Expedited Motion to Stay pending the Judicial Panel on Multidistrict Litigation's ruling (the "Motion"). In support of its opposition the Plaintiff states the following:

**BACKGROUND**

1. On May 29, 2025, Plaintiff filed the Complaint against Epiq Solutions, Inc. ("Epiq"), Angeion Group LLC ("Angeion"), JND Legal Administration ("JND"), Huntington National Bank ("Huntington"), and Western Alliance Bank ("Western") (collectively, the "Defendants").

2. On July 8, 2025, the parties filed a Joint Stipulation to Extend Defendant's Response to the Complaint.

3. On July 10, 2025, Magistrate Judge Goodman struck the parties Joint Stipulation. In his order Judge Goodman noted that "justice delayed is justice denied," and cautioned that "the Parties should pause before seeking substantial enlargements of time." [ECF No. 35].

4. July 11, 2025, Defendant Huntington National Bank filed an unopposed Motion for Extension of time seeking a 58-day extension of time, which was subsequently granted.

5. On July 30, 2025, the parties filed a Joint Motion to Extend Defendants' Deadlines to Respond to Plaintiff's Complaint. The Motion was granted by Magistrate Judge Lett.

6. On August 14, 2025, the Plaintiffs in *Baker v. Angeion Group LLC et al.*, 2:25-cv-02079-KBH (E.D. Pa.) filed a motion with the Judicial Panel on Multidistrict Litigation seeking consolidation with this action and three other nationwide class actions.

7. On August 27, 2025, the Defendants filed the instant Motion seeking an additional 45 days if consolidation is denied by the JPML and 60 days from the filing of a consolidated complaint if it is granted.[1]

## ARGUMENT

Defendants cannot meet their heavy burden to stay these proceedings, particularly where they are seeking an indeterminate delay to stop this Court from dealing with helpful early, inevitable pleadings like motions to dismiss and answers.

Defendants filed a motion stay pursuant to the Court's inherent authority to manage its docket. *See Gray v. Target Corp.*, No. 13-62769-CIV, 2014 WL 12600138, at *1-2 (S.D. Fla. Jan. 27, 2014). The party seeking such a stay bears a heavy burden. In order to prove entitlement to a stay the "moving party must demonstrate a clear case of hardship or inequity if there is even a fair possibility that the stay would work damage on another party." *Jozwiak v. Stryker Corp.*, No. 609-CV-1985-ORL19GJK, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010) (internal citations and

---

[1] Defendants presume a consolidated complaint will be filed. *See MSP Recovery Claims, Series LLC v. Fresenius Med. Care Holdings, Inc.*, 131 F.4th 51, 57 (1st Cir. 2025) ("As the Supreme Court has explained, in multidistrict litigation, parties may elect to file a 'master complaint' and a corresponding 'consolidated answer'") (citation modified). Moreover, they provide no authority for their position that this Court would have authority to set the response deadline for the consolidated action before the transferee court.

quotation marks omitted).

Stays of proceedings pending an MDL are the exception, not the rule. Indeed, the MDL rules themselves provide for proceedings to continue in the original court pending motions to coordinate. Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation provides: "The pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." "In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Jozwiak*, 2010 WL 147143, at *2 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). As noted, such stays should not be granted unless there is clear hardship or inequity.

Defendants have failed to meet their burden on demonstrating a clear case of hardship or inequity. First, this case is in its very early stage. Courts regularly hold that a moving defendant will "suffer little prejudice" absent a stay when a "case has just begun to develop." *Id.* at *3 (denying motion to stay pending ruling by JPML); *Guerrero v. Target Corp.*, No. 12-21115-CIV, 2012 WL 2054863, at *1 (S.D. Fla. June 7, 2012) ("Defendant will not be harmed by continued briefing of its own motion to dismiss.").

Moreover, Defendants are not harmed because they are not saving time nor expense. Whatever pleadings the Defendants need to file here will still have to be filed regardless of the outcome of the JPML motion. *See Guerrero*, 2012 WL 2054863, at *1 (denying stay pending ruling by JPML and noting the "Defendant must respond to the complaint regardless of whether the case is ultimately transferred to an MDL."). The court in *Barber v. BP, PLC*, 10–0263–WS–B, 2010 WL 2266760, at *2 (S.D. Ala. June 4, 2010), when presented with similar motion by

defendants at the early stages of litigation held:

> Entering a stay at this juncture and under these circumstances would not rescue defendants from material hardship or the risk of inconsistent adjudications; after all, they must answer the Complaint anyway, and the likelihood of adjudication of any merits issues prior to late July (when the MDL Panel will hear the motions to transfer) appears quite slim, simply because of the nascent status of this litigation. By all appearances, the only tangible effect of entering a stay at this time would be to allow defendants a three-month reprieve after service of process before being required to answer the allegations brought by plaintiffs in the Complaint. Such a protracted delay appears both unnecessary and unwarranted. By contrast, it would benefit both the parties and the transferee court (assuming there is one) to have a clear picture of the issues joined and the defenses raised, with briefing of any threshold legal issues already completed, at the time of any transfer order by the MDL Panel.

Furthermore, granting a stay at this stage would be unfairly prejudicial to the Plaintiff. *Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 472 F. Supp. 3d 1183, 1185 (S.D. Fla. 2020) (stating that district courts weigh the "undue prejudice to the nonmoving party" "in deciding whether a stay is appropriate"). Defendants have already received extensions of time to respond to the Complaint. Permitting additional delays, particularly for an uncertain period while the JPML considers a transfer motion with no definite timeline, would significantly impede the Plaintiff's right to advance his claims. *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1383 (S.D. Fla. 2015) ("A district court, in exercising its discretion to stay a civil case, may consider the interest of the plaintiff in proceeding expeditiously.") (internal citations omitted). The Plaintiff is entitled to a timely resolution of their case, a point previously emphasized by Magistrate Judge Goodman when striking an earlier request by Defendants to further delay their response deadline. *See Fusco v. Ocwen Loan Servicing*, 446 F. Supp. 3d 1094, 1097 (S.D. Fla. 2020) (holding that the "Plaintiff is entitled to a timely resolution of [the pending] matter."). Contrary to Defendants' assertions, there is no assurance that the JPML will grant the pending motion to transfer, nor is it certain that this particular action will be included in any eventual consolidated proceedings. The Plaintiff should

not be forced to wait indefinitely based on hypothetical outcomes. *See Guerrero*, 2012 WL 2054863, at *1 (holding "it is unfair to Plaintiff to stay resolution of this case indefinitely when consolidation and transfer to a potential MDL is far from certain.").

Judicial resources will not be impacted either. There are currently no pending motions in this case. *Jozwiak*, 2010 WL 147143, at *3 (finding the need to conserve judicial resources did not support staying case pending ruling JPML when no motions were pending).

Defendants' current motion seeks not only a stay, but also an indefinite suspension of all deadlines without any specific end date. This strongly suggests that Defendants are attempting to use further delay as a tactic to gain an upper hand in the litigation rather than advance the resolution of the matter. *See CTI Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) ("[S]tay orders will be reversed when they are found to be immoderate [or] of an indefinite duration."). It is not significant that Plaintiff's counsel previously agreed to stays in other related actions, those agreements were made before Defendants' apparent efforts to delay the litigation and remove the case from this district became clear. In any event, each case involves distinct named plaintiffs who may have different views on how their respective actions should proceed. The Plaintiff in this case retains the right to conduct the course of his own litigation. *Quinio v. Aala*, 344 F. Supp. 3d 464, 474 (E.D.N.Y. 2018) ("Parties to a civil dispute have the right to chart their own litigation course."). Importantly, no stay has been entered in *Rieger v. Epiq Systems, Inc., et al.*, No. 3:25-cv-04793-JSC (N.D. Cal.), which is one of the five class actions arising from the same underlying conduct. The absence of a stay in *Rieger* demonstrates that a stay is neither inevitable nor presumptively appropriate in all related matters.

## CONCLUSION

The Plaintiff respectfully requests that the Court deny Defendants' Motion to Stay and allow this case to proceed without further delay.

Dated: August 29, 2025

Respectfully submitted,

By: */s/ Augusto A Cividini*
**BOIES SCHILLER FLEXNER LLP**
Augusto A. Cividini
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
acividini@bsfllp.com

James Lee
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com

David Boies
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao
Beko Reblitz-Richardson
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

Alison L. Anderson
Samantha Parrish
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 629-9040
alanderson@bsfllp.com
sparrish@bsfllp.com

                                                  Adam R. Shaw
                                                  30 South Pearl Street, 12th Floor
                                                  Albany, NY 12207
                                                  Tel.: (518) 694-4227
                                                  ashaw@bsfllp.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of August 2025, I electronically filed the foregoing document with the Clerk of Court in accordance with CM/ECF procedures. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                */s/ Augusto A. Cividini*
                                                                                Augusto A. Cividini